IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION


BRIAN SHIMEK,                        )
                                     )    No. 4:09-CV-00024-REL-RAW
            Plaintiff,               )
                                     )    REPORT AND RECOMMENDATION
      vs.                            )    FOR DISMISSAL
                                     )
MANN BRACKEN, LLC, CHASE             )
MANHATTAN BANK (USA), NA,            )
JOHN DOE, and JANE DOE,              )
                                     )
            Defendants.              )


     The Complaint [1] in this action was filed on January 20,

2009 alleging violations of the Fair Debt Collection Practices Act

under 15 U.S.C. § 1692, *et seq.*, and a look-alike Iowa consumer

credit statute against Mann Bracken, LLC,[1] an Atlanta, Georgia law

firm. Mann Bracken answered on July 22, 2009 [12]. On January 15,

2010 Mann Bracken's counsel moved for leave to withdraw [13],

citing the fact Mann Bracken had gone out of business and he had

been informed his fees would no longer be paid. The motion to

withdraw was granted [14] on February 2, 2010. On May 12, 2010

plaintiff's counsel, Mr. Kenneth Weiland, filed a motion to stay

proceedings [17] because Mann Bracken was in receivership and

counsel hoped the action could be resolved through negotiations

with the receiver. A stay [18] was granted.

---

     [1] Though the Complaint also named Chase Bank U.S.A., N.A. and
unnamed John and Jane Does as defendants, only Mann Bracken, LLC
was served.

On January 14, 2011 the Court entered an order [19] directing the parties to submit a joint report on the status of the receivership and settlement negotiations. No report was received. On March 7, 2011 the Court entered an order [20] directing the parties to show cause on or before March 21, 2011 why the case should not be dismissed for failure to prosecute. On March 21, 2011, plaintiff, through Mr. Weiland,[2] responded that Mann Bracken continued in receivership and counsel was unable to obtain information concerning its status. Mr. Weiland asked for direction as to what further action should be taken. By order entered March 22, 2011 [22] the case was ordered to remain in stay status and plaintiff's counsel was directed to submit a status report on or before September 1, 2011.

No status report was received. On February 28, 2012 [23] plaintiff's counsel was directed to submit a written report concerning the status of the bankruptcy[3] proceedings and advise the Court whether there was any reason the case could not be dismissed without prejudice. No response to the February 28 order was

---

[2] The Court's records indicate that Mr. Weiland's status as a member of the Bar of this Court was suspended on May 9, 2010 for failure to maintain the federal continuing legal education requirements required by this Court. He has, however, remained as counsel of record for plaintiff on the docket.

[3] The February 28, 2012 order as well as the March 22, 2011 order and subsequent orders erroneously referred to bankruptcy proceedings involving Mann Bracken. In fact Mann Bracken has been in receivership under the jurisdiction of the Montgomery County Circuit Court in Maryland.

received. On March 16, 2012 [24] the Court again ordered a status report from plaintiff's counsel advising that failure to respond this time might result in dismissal for failure to respond to a pretrial order. Fed. R. Civ. P. 16(f)(1). Again, no response was received. Finally on April 4, 2012 [25] the Court entered an order noting the lack of response to the previous order. The order continued "The Court will give one final opportunity for the filing of a report concerning the status of defendant Mann Bracken LLC's bankruptcy proceeding or any reason why this matter cannot be dismissed without prejudice. If no response is filed by Friday, April 20, 2012, this case will be dismissed for failure to comply with orders of the Court."

Plaintiff did not respond to the April 4 order. A copy that order had been sent to the receiver for Mann Bracken. On April 19, 2012 the receiver, Cheryl E. Rose, responded by correspondence identifying herself as Mann Bracken's court-appointed receiver. She stated that she was in the process of winding down its affairs and had no objection to dismissal of the case. Attached to Ms. Rose's letter was the court order appointing her as receiver.[4]

In view of the fact Mann Bracken's affairs are being wound down and the failure of plaintiff to respond to the four orders for a status report entered in the past year the last two of

_____

[4] Ms. Rose's letter and the order of appointment will be filed separately.

which advised of potential dismissal, it is now appropriate to dismiss this case without prejudice for failing to obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(C). It is also reasonable to view the case as having been abandoned with the result it should be dismissed for failing to prosecute. Fed. R. Civ. P. 41(b).

For the foregoing reasons IT IS RESPECTFULLY RECOMMENDED that this action be dismissed without prejudice. IT IS FURTHER ORDERED that the plaintiff have until **May 17, 2012** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must set forth the basis for such objections. See Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Notwithstanding Mr. Weiland's suspension as a member of the Bar of this Court, he may respond on behalf of plaintiff to this report and recommendation.

IT IS SO ORDERED.

Dated this 27th day of April, 2012.

4

ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE